PER CURIAM.
Affirmed. See PLIVA, Inc. v. Mensing, — U.S.—,—, 131 S.Ct. 2567, 2577, 180 L.Ed.2d 580 (2011) (holding federal law prevents a generic drug manufacturer from “independently changing” its safety labels to provide additional warnings); Morris v. PLIVA, Inc., 713 F.3d 774, 777 (5th Cir.2013) (extending Mensing ⅛ holding so as to foreclose state tort claims based on a generic drug manufacturer’s failure to communicate approved label changes in a manner that the name brand manufacturer had not, i.e., “Dear Doctor” letters); Guarino v. Wyeth, LLC, 719 F.3d 1245, 1249 (11th Cir.2013) (agreeing with the Fifth Circuit’s reasoning in Morris, and holding a generic drug manufacturer’s failure to communicate approved label changes is preempted under federal law); but see Brasley-Thrash v. Teva Pharm. USA, Inc., No. Civ. A. 10-00031-KD-N, 2011 WL 4025734, at *3 (S.D.Ala. Sept.12, 2011) (holding Mensing does not prevent a generic drug manufacturer from sending out a letter “that simply reiterates warnings contained in the approved label”). We find the reasoning and holding stated in Morris and Guarino to be most consistent with the Supreme Court’s ruling in Mensing.
STEVENSON, CONNER and FORST, JJ., concur.